UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| NICHOLAS JONES, ) | Case No. 6:06-bk-00568-KSJ |
| MICHELLE JONES, ) | Chapter 7 |
| ) | |
| Debtor[s]. ) | |
| ) | |

**MEMORANDUM OPINION
VACATING THE ORDER DENYING MOTION TO
REOPEN, PARTIALLY GRANTING DEBTOR'S MOTION FOR
RECONSIDERATION, AND AGAIN DENYING THE MOTION TO REOPEN CASE**

On January 11, 2012, one of the joint debtors, Michelle Jones,[1] presented testimony on her Motion for Reconsideration of Order Denying Motion to Reopen Case (Doc. No. 73) and the Supplemental Motion (Doc. No. 86).  She desires to reopen the case to pursue legal malpractice claims against her former attorney, David Robold.   Due to a calendaring error by her current counsel, she missed the prior hearing on the underlying motion to reopen (Doc. No. 47), held on November 7, 2011.  As such, the debtor's request to reopen the case was denied (Doc. No. 79).

At this earlier hearing, only Mr. Robold appeared. Based on his unchallenged representations, the Court concluded that any malpractice claim arose at the moment the bankruptcy petition was filed, constituted property of the estate, and that only the Chapter 7 trustee, not the debtor, had standing to pursue the claim.[2] In denying the motion to reopen, the debtor was directed to stop pursuing any malpractice claims against Mr. Robold (Doc. No. 79).

---

[1] Ms. Jones' name is now Michelle Johnstone.  For consistency with this case, the Court will continue to refer to her as Ms. Jones.
[2] *In re Alvarez*, 224 F.3d 1273, 1277-1278 (11th Cir. 2000).

In her motion seeking reconsideration, Ms. Jones again asks the Court to reopen the bankruptcy case. Alternatively, even if the bankruptcy case is not reopened, she asks the Court to revise the order denying the motion to reopen in order to allow her to pursue her post-petition malpractice claims against Mr. Robold in other non-bankruptcy forums. Because the motion for reconsideration raises matters relevant only to Rule 60(b)(1), the Court construes the motion as one made under Rule 60(b)(1). Rule 60(b)(1) states in pertinent part that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for reason of "mistake, inadvertence, surprise, or excusable neglect."[3] The determination of what constitutes excusable neglect "is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission."[4]

Initially, the Court finds that the calendaring error by the debtor's current counsel was a simple mistake. He and the debtor appeared ready for the hearing on November 8, 2011, the day after the scheduled hearing. He had written down the wrong date for the hearing. The Court finds that, considering the totality of the circumstances, the one-day calendaring error by debtor's counsel constitutes excusable neglect.

Further, after listening to the debtor's testimony, the Court finds that, although she has failed to demonstrate cause to reopen this case as required by 11 U.S.C. §350, she did raise potentially meritorious claims of malpractice against Mr. Robold, some of which occurred after this bankruptcy case was filed. For malpractice claims arising post-petition, the debtor retains standing to pursue the claims, albeit not before this Court.

In order to understand the nature of the debtor's claims, a little background is needed. The debtor strenuously argues that she never approved the rushed filing of this case. She and her husband met Mr. Robold for the first time on the same day this case was filed, March 24, 2006.

---

[3] Fed. R. Civ. P. 60(b)(1)
[4] *Sloss Industries Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007).

They allegedly gave Mr. Robold two separate checks from their personal bank accounts totaling approximately $8,048 for his attorney fees, the filing fee, and to pay certain employee wages.

The debtor strongly expressed her position that Mr. Robold was not authorized to file this case until after Monday, March 27, when her parents planned to join the debtors for a further consultation with their lawyer. Tragically, Mr. Jones committed suicide on Sunday, March 26. Ms. Jones called Mr. Robold early the next day, told him not to file the bankruptcy case, informed him of her husband's death, and asked him to return their checks for $8,048 to allow her to pay for her husband's funeral expenses. Mr. Robold allegedly told her that the bankruptcy already was filed and that there was nothing he could do. Pursuant to the 11th Circuit Court of Appeals decision in *Alvarez*,[5] improperly filing a bankruptcy case does constitute a pre-petition cause of action that only the appointed trustee can pursue.

However, certain of Mr. Robold's actions that occurred after this call potentially *could* constitute post-petition malpractice claims, for which the debtor has standing.[6] Specifically, the debtor testified that, after her conversation with Mr. Robold on the morning of March 27, and rather than returning the monies to the debtor, Mr. Robold went directly to her bank and cashed the debtors' two checks, obtaining cash. If this is proven, the actions certainly violate the Bankruptcy Code[7] and may violate the common duty of care an attorney owes to one's client.[8] In addition, the debtor testified that Mr. Robold failed in numerous other required duties, such as

---

[5] *In re Alvarez*, 224 F.3d at 1278.

[6] The Court was informed that, after the hearing on January 11, 2012, Ms. Jones also died. The Court makes no determination as to whether her estate has the ability to pursue any post-petition malpractice claims she had against Mr. Robold.

[7] *Walton v. Clark & Wash., P.C.*, 454 B.R. 537, 545 (Bankr. M.D.Fla. 2011)(All prepetition debts, including prepetition attorney's fees, are dischargeable debts in bankruptcy. Law firm violated the automatic stay and the discharge injunction by depositing postdated checks after filing of a bankruptcy case to collect prepetition attorney's fees and continuing to collect the fees after entry of discharge.); *In re Todd*, 359 B.R. 863, 867 (Bankr. N.D. Ohio 2007)("…since the checks issued by the Debtor to her attorney and her insurance company had yet to be honored at the time the Debtor voluntarily sought the relief of this Court, the funds represented by the checks remain property of the estate, subject to administration by the Trustee.").

[8] Pursuant to the Rules Regulating the Florida Bar, attorneys are required to maintain communication with a client concerning their representation (Rule 4-1.4 Communication); to provide diligent and zealous representation (Rule 4-1.3 Diligence); and to avoid conflicts of interest adverse to a client (Rule 4-1.7 thru Rule 4-1.9). *See Walton*, 454 B.R. at 545-546.

returning telephone calls and keeping her advised of the progress of the case, *after* the case was filed. Given that an attorney's post-petition act to cash a pre-petition check is improper and that the other alleged failures of Mr. Robold's duty of care to his clients occurred post-petition, at least a portion of the debtor's malpractice claims likely arose post-petition and the debtor, *not* the trustee, has standing.[9]

Here, the Chapter 7 trustee, Kenneth D. Herron, Jr., long ago completed his administration of this case. The debtor received a discharge on July 20, 2006 (Doc. No. 24). The Court closed the case on May 11, 2007. The trustee has expressed no interest in pursuing any pre-petition malpractice claim against Mr. Robold. As such, this Court cannot find any reason or "cause" as required by 11 U.S.C. §350(b) to reopen the case. There simply is nothing for this Court of limited jurisdiction to complete. The Court again will deny the debtor's motion to reopen this case (Doc. No. 47).

However, the debtor indeed may have post-petition malpractice claims against Mr. Robold. If so, the debtor (or her estate) has standing to pursue these claims in any appropriate forum. Because the prior order denying the debtor's request to reopen this case (Doc. No. 79) contained a number of additional findings and conclusions all based on the unchallenged representations of Mr. Robold that the Court cannot conclude were accurate, the Court will partially grant the debtor's current motion for reconsideration to vacate the prior order, specifically to remove all of these additional and unnecessary findings and conclusions.

In conclusion, the Court will partially grant the Motion for Reconsideration and the Supplemental Motion (Doc. Nos. 73 and 86), vacate the prior order (Doc. No. 79), deny the debtor's Motion to Extend the Time to Appeal as moot (Doc. No. 81), and again deny the debtor's Motion to Reopen (Doc. No. 47), this time with a summary order containing no additional findings or conclusions. The debtor (or her estate) is free to pursue any malpractice

---

[9] *Witko v. Menotte (In re Witko)*, 374 F.3d 1040 (11th Cir. 2004).

claims they have against Mr. Robold, to the extent they arose after March 24, 2006, without any restrictions from this Court or any limitation from this bankruptcy case. Separate orders consistent with this Memorandum Opinion shall be simultaneously entered.

  DONE AND ORDERED on January 31, 2012.

             KAREN S. JENNEMANN
             Chief United States Bankruptcy Judge

Copies provided to:

Attorney, Michael B. Swindle, 174 West Comstock Avenue, Suite 100, Winter Park, Florida 32789

Attorney, David L. Robold, 131 Park Lake Street, Orlando, FL 32803

Trustee, Kenneth D. (Chip) Herron Jr., 1851 W. Colonial Drive, Orlando, 32804

United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, Florida 32801