UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| NICHOLAS JONES, ) | Case No. 6:06-bk-568-KSJ |
| MICHELLE JONES, ) | Chapter 7 |
| ) | |
| Debtor[s]. ) | |
| ) | |

MEMORANDUM OPINION DENYING MOTION TO REOPEN CASE

The debtors in this case both are deceased.[1] Their former counsel, David L. Robold, now seeks to reopen this case to prevent the debtors' probate estates from suing him for malpractice allegedly occurring prior to the date debtors filed bankruptcy, contending the action is a violation of the bankruptcy discharge injunction.[2] The Court will deny this motion and all other pending motions finding that no cause exists to reopen this case.

Similar issues were raised in an earlier motion to reopen filed by Ms. Jones[3] before she died.[4] After hearing lengthy testimony, noting Mr. Robold's previous vigorous opposition to reopening the case, and entering a substantive Memorandum Opinion denying Ms. Jones' motion to reopen, the Court specifically held: (1) Ms. Jones "raised potentially meritorious claims of malpractice against Mr. Robold, some of which occurred after the bankruptcy case was filed. For malpractice claims arising post-petition, the debtor retains standing to pursue the claims, albeit not before this Court;" (2) "[C]ertain of Mr. Robold's actions…potentially *could* constitute post-petition malpractice claims, for which the debtor has standing;" (3) "[T]he Chapter 7 trustee, Kenneth D. Herron, Jr., long ago completed his administration of this case;" and (4) "The

---

[1] Nicholas Jones died on March 26, 2006. Michelle Jones recently died on January 11, 2012.
[2] Doc. No. 102.
[3] Ms. Jones' name was changed to Michelle Johnstone after this bankruptcy case was filed. For consistency with this case, the Court will continue to refer to her as Ms. Jones.
[4] Doc. No. 43.

trustee has expressed no interest in pursuing any pre-petition malpractice claim against Mr. Robold. As such, this Court cannot find any reason or 'cause' as required by 11 U.S.C. §350(b) to reopen the case. There simply is nothing for this Court of limited jurisdiction to complete." No party appealed the order, which is final.

Mr. Robold now is asking this Court to reopen[5] the case for virtually the same reasons articulated earlier by Ms. Jones and denied by the Court. He first asserts that, for some reason, he has standing to enforce the discharge entered in favor of the deceased debtors. He does not. Sadly the debtors are deceased. Their former attorney, who one of the debtors was suing before her death, certainly has no ability to enforce the discharge as a sword against her estate. The discharge injunction in 11 U.S.C. § 524(a)(2) and (3) bars the commencement or continuation of any collection action to recover debts for which the *debtor* is personally liable, or to recover against property of the *debtor's estate* that is acquired after the commencement of the bankruptcy case. It does not bar a former debtor's actions against other non-debtor parties.[6] Lack of standing may be used to prevent a debtor from pursuing certain claims arising pre-petition that were once considered assets of the estate. The debtor's estate's standing to pursue any malpractice claims against Mr. Robold can, and should, be decided in the state court forum.

Mr. Robold secondly argues that the Chapter 7 trustee has some interest in the malpractice claim the debtors' estates are raising. The Court already has held that the trustee has fully administered this case. He has already claimed that he has no interest in pursuing any

---

[5] A motion to reopen a bankruptcy case is governed by 11 U.S.C. § 350(b) and Federal Rule of Bankruptcy Procedure 5010. "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).

[6] *In re Nassoko*, 405 B.R. 515, 522 (Bankr. S.D.N.Y. 2009) (noting "The purpose of [the discharge injunction] is to prevent a debtor from being pursued for the payment of his or her discharged debts. The discharge order 'is intended to preclude virtually all actions by a creditor to collect personally from the debtor.'"). See also *Moldo v. Albers (In re Sheridan)*, 2006 Bankr. LEXIS 3037 (Bankr.C.D.Ca. 2006) (noting "The discharge injunction of Section 524 is for the benefit of the debtor, not third parties.").

additional claims. Because there are no remaining assets to administer, the Court again holds that "this Court cannot find any reason or 'cause'" to reopen this case.[7]

The parties in the state court malpractice action will and should return to the pending state court action for resolution of all issues. This Court will not take any action to alter those proceedings. Mr. Robold indeed may have an affirmative defense that the debtors' probate estates lack standing. The state court however is fully capable of addressing that issue in the state court action.

The Court strongly urges the parties to take their dispute to the correct forum for all further proceedings. As the Court ruled earlier, "[t]he debtor [and by extension their probate estates] is free to pursue any malpractice claims they have against Mr. Robold, to the extent they arose after March 24, 2006, without any restrictions from this Court or any limitation from this bankruptcy case." Stated plainly, the parties need to go back to state court to resolve their disputes. This bankruptcy case will not be reopened.

Accordingly, Mr. Robold's Motion to Reopen[8] is denied. Because the Court will not reopen this case, the pending Motion to Enforce Discharge Injunction[9] and Motion for Sanctions[10] are denied without prejudice. A separate order consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, on April 30, 2012.

*[signature]* exc

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

---

[7] The decision to reopen should be made on a case-by-case basis based on the particular circumstances and equities of a case, and should be left to the sole discretion of bankruptcy court. *Miller v. Shallowford Community Hosp., Inc.*, 767 F.2d 1556, 1559 at n.4 (11th Cir. 1985) (citations omitted).
[8] Doc. No. 102.
[9] Doc. No. 101.
[10] Doc. No. 104.

Copies provided to:

Debtors' Attorney:  David L. Robold, 131 Park Lake Street, Orlando, FL  32803

Debtors' Attorney:  Michael B. Swindle, P.O. Box 1180, Winter Park, FL  32790-1180

Trustee:  Kenneth D. Herron, Jr., 1851 W. Colonial Drive, Orlando, FL  32804

U.S. Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL  32801